UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No.: 8:25-cr-530-CEH-LSG

BRIAN CURTIS RAYMOND,
_____/

## UNOPPOSED MOTION TO CONTINUE TRIAL

Brian Raymond, through counsel and pursuant to Rule 3.08(a) of the Local Rules of the United States District Court for the Middle District of Florida, hereby moves this Court to continue the trial in this case, currently scheduled for the Court's February 2026 trial term, to the July 2026 trial term. The government does not oppose this motion. In support, Mr. Raymond states the following:

## PROCEDURAL HISTORY

Brian Raymond was arrested on November 19, 2025, pursuant to an eighteen-count indictment in which he was charged with conspiracy to export items on the Commerce Control List without license (Count One), violation of the Export Control Reform Act of 2018 (Count Five), attempted smuggling of goods from the United States (Count Eight), and conspiracy to commit money laundering (Counts 12–18), in violation of 50 U.S.C. § 4819 and 18 U.S.C. §§

1

554 and 1956. Doc. 1. There are three other co-defendants listed in the indictment.

Mr. Raymond made his initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure in the Northern District of Alabama on November 19, 2025, and was released on conditions, including a surety bond. The government sought to modify the original amount of the surety bond on November 24, 2025, and Mr. Raymond accepted and complied with the modified surety amount. Following his arraignment in the Middle District of Florida on December 11, 2025, United States Magistrate Judge Lindsay S. Griffin entered a Pretrial Discovery Order and Notice of Trial and Status Conference, setting this matter on the February 2026 trial calendar. Doc. 58.

The government has requested that Mr. Raymond provide a hard drive capable of holding two terabytes of data in order to provide the first discovery production. Mr. Raymond complied, and recently received the returned drive. He understands from discussions with the government that there is likely to be more than one production in this case. He has conferred with counsel for his co-defendants, and Defendants Hon Ning Ho and Jing Chen join in the relief requested in this motion.

## MEMORANDUM OF LAW

"The Sixth Amendment right to counsel guarantees a defendant both a fair opportunity to be represented by counsel of his own choice and sufficient time within which to prepare a defense." *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005) (cleaned up). The matter of a trial continuance is within the discretion of the trial judge, and a denial of a request for a continuance is reviewed for abuse of discretion. When reviewing a request for a continuance, courts should consider the totality of the circumstances including, but not limited to, "time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." *Schwarz v. United States*, 828 Fed. Appx. 628, 632 (11th Cir. 2020) (cleaned up). Denial of a motion for a continuance of trial may "vitiate the effect" of the fundamental rights codified in the Sixth Amendment. *Id.*

Two terabytes of data, if presented in physical form, would be the approximate equivalent of 200,000 filing cabinets of paper, with a single standard filing cabinet holding 10,000 individual pages of documents. In book format, two terabytes of documents would make up approximately 6.7 million books, or six to seven large libraries worth of books. Even with an aggressive approach to culling this volume of discovery, including use of advanced

technologies to organize the information and remove duplicate materials, it will take months of review to read and understand the discovery. The United States alleges that these crimes took place beginning in September 2023, and they did not bring an indictment until more than two years later, in November of 2025. In short, Mr. Raymond anticipates that he is going to have to review an enormous volume of information associated with the allegations in this case that was collected and analyzed by the United States over a period of years and completing that task before the February 2026 trial term would be a true impossibility.

Additionally, this case centers on a complex and evolving area of law. Mr. Raymond is accused of criminal acts that focus on the sale and transfer of state-of-the-art computer chips to China. These chips, which can power advanced Artificial Intelligence ("AI") capabilities, became a subject of geopolitical interest in 2022 when the Commerce Department revised export policies related to these chips with the goal of preventing China from using this technology to gain military and intelligence-gathering advantages.[1] Despite the high geopolitical interest and evolving policy, there is no advisory body in the United States which functions to provide real-time expertise to

---

[1] Brooke Becher, *A Guide to How America Controls Nvidia Chip Exports to China*, BuiltIn.com, https://builtin.com/articles/trump-lifts-ai-chip-ban-china-nvidia (Dec. 9, 2025).

the Department of Commerce on the ongoing changes in the semiconductor industry.[2] There is also no government entity which oversees or assists with export compliance—an established, licensed vendor like Brian Raymond is tasked with instituting their own compliance and customer vetting procedures. As a successful entrepreneur and systems engineer with decades of tech experience, Mr. Raymond did institute compliance and vetting procedures, not only internally but also working with outside companies, and he needs sufficient time to gather that information as he prepares to defend himself against these allegations.

Given the enormous volume of expected discovery and the complexity of the subject matter of the case, Mr. Raymond would be prejudiced if he were expected to adequately prepare to proceed to trial in the February 2026 trial term. For these reasons, he is seeking a continuance to the July 2026 trial term.

**CERTIFICATION OF NO OPPOSITION**

Counsel for Mr. Raymond has conferred with Assistant United States Attorney Lindsey Schmidt on the relief sought in this motion, and she has no opposition to a continuance of this matter to the July 2026 trial term.

---

[2] Sujai Shivakumar, Charles Wessner, & Thomas Howell, *Balancing the Ledger: Export Controls on U.S. Chip Technology to China*, Center for Strategic and International Studies, https://www.csis.org/analysis/balancing-ledger-export-controls-us-chip-technology-china (Feb. 21, 2024).

WHEREFORE, Brian Raymond respectfully moves this Honorable Court to continue the trial of this case, currently scheduled for February 2026, to the July 2026 trial term, and make the appropriate finding that the ends of justice served by such a continuance outweigh the best interests of the public and Mr. Raymond in a speedy trial in February 2026.

Respectfully submitted,

THE SUAREZ LAW FIRM, P.A.
1011 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 229-0040
Facsimile: (813) 229-0041

/s/ Eddie Suarez
EDDIE SUAREZ, ESQUIRE
Florida Bar No. 752540
Email: esuarez@suarezlawfirm.com

/s/ Sara Mieczkowski
SARA MIECZKOWSKI, ESQUIRE
Florida Bar No. 85143
Email: sara@suarezlawfirm.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Sara Mieczkowski
Sara Mieczkowski